IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| GREGORY RULE, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-16-146-FHS |
| | ) | |
| STATE OF OKLAHOMA, ex. rel., | ) | |
| OKLAHOMA DEPARTMENT OF | ) | |
| CORRECTIONS, and JOHN DOE, | ) | |
| an employee of Oklahoma Department of | ) | |
| Corrections, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter comes before the Court on the Defendant State of Oklahoma *ex. rel.* Oklahoma Department of Correction's ("ODOC") Motion to Dismiss (Dkt. # 6). Plaintiff filed his response on May 24, 2016 (Dkt. # 13) and Defendant filed a reply on June 6, 2016 (Dkt. # 15).

Plaintiff brings this action against ODOC under three different legal theories. First, he claims violation of his substantive due process rights under the Fourteenth Amendment. Second, he alleges claims under *Bosh v. Cherokee County Building Authority*, 305 P.3d 994 (Okla. 2013). Plaintiff is requesting monetary relief exceeding $75,000.00 as well as punitive damages. Finally, he alleges a claim for negligence under the Oklahoma Governmental Tort Claims Act. The ODOC argues the action against them should be dismissed for three reasons: 1) the applicable statute of limitations bars

Plaintiff's claims; 2) for failure to state a claim upon which relief can be granted; and 3) the State can not be held liable for the bad faith actions of its employees. Additionally, ODOC asserts plaintiff's claim for punitive damages is barred by The Governmental Tort Claims Act ("GTCA"), Okla. Stat. tit. 51, § 153.

In the Notice of Removal, however, ODOC stated: "Defendant does not waive, and expressly reserves all defenses including, but not limited to, any applicable Eleventh Amendment and/or sovereign immunity defenses." The Eleventh Amendment bars suit in federal court against a state. *Edelman v. Jordan*, 415 U.S. 651, 662, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974). ODOC is an arm of the state and is entitled to absolute immunity under the Eleventh Amendment of the United States Constitution. *Eastwood v. Dep't of Corr. of Okla.*, 846 F.2d 627, 631-632 (10th Cir. 1988). Absent a waiver by the state, or a valid congressional override, the amendment bars a damages action against a state in federal court. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). As a result, this Court dismisses this action against the ODOC without prejudice.

It is so ordered on this 23rd day of September, 2016.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma