# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GREGORY RULE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. CIV-16-146-FHS ) |
| STATE OF OKLAHOMA, ex. rel., OKLAHOMA DEPARTMENT OF CORRECTIONS, and JOHN DOE, an employee of Oklahoma Department of Corrections, | ) ) ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion to Remand (Dkt. No. 20). Plaintiff admits he filed his Petition on January 26, 2016, in the Atoka County District Court, State of Oklahoma, State Court Case No. CJ-16-03. Plaintiff states that the action was removed to the United States District Court for the Western District of Oklahoma on April 21, 2016. In fact, the action was removed to this Court on that date. Dkt. No. 4. On September 23, 2016, this Court entered an Order dismissing the State of Oklahoma, ex. rel., Oklahoma Department of Corrections without prejudice on the basis of Eleventh Amendment immunity. Additionally, this Court entered a minute order for Plaintiff to show cause why John Doe should not be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, for failure to serve said defendant within ninety (90) days after the complaint was filed.

Title 28 U.S.C. § 1447(c) provides, in pertinent part: "[a] motion to remand a case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." Substantially more than 30 days have passed since the case was removed to this Court. Thus, this Court does not have legal authority to remand this action. Accordingly, Plaintiff's Motion to Remand Case (Dkt. No. 20) is **denied**.

Additionally, on October 7, 2016, Plaintiff filed a response to this Court's show cause order. Plaintiff states he still does not know who John Doe is and that no discovery could be conducted while the State of Oklahoma's motion to dismiss was pending. However, this Court never stayed discovery. Furthermore, the initial disclosures provided to the plaintiff seem to identify John Doe as Jesse McDaniel. *See*, Dkt. No. 21-1, at p. 2. According to the certificate of service on the State of Oklahoma's disclosures, Plaintiff was made aware of this officer's name on June 15, 2016, *id.*, at p. 6, which was more than ninety (90) days before this Court entered the show cause order. Plaintiff still made no efforts to either locate or confirm the identity of the correctional officer named in those initial disclosures even though he initially filed his lawsuit in January, 2016 and this action was removed to this Court in April, 2016. As a result, this Court finds Plaintiff has not shown good cause to extend the time to serve John Doe. Accordingly, this action against John Doe shall be dismissed without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

It is so ordered on this 12th day of October, 2016.

Frank H. Seay
United States District Judge